IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLENDA MABRY-SHORT, et al.                                                          PLAINTIFFS

V.                                                                    CAUSE NO.: 1:10CV162-SA-JAD

KOHL'S DEPARTMENT STORE, INC.                                                          DEFENDANT

MEMORANDUM OPINION

Presently before the Court is Plaintiffs' Motion to Remand to the County Court of Lee County [9]. After reviewing the motion, response, rules, and authorities, the Court finds the motion should be GRANTED.

*Factual and Procedural Background*

Defendant removed this case on June 25, 2010, asserting that diversity jurisdiction existed between the parties. Defendant contends that based on the vague language in Plaintiffs' Amended Complaint, plus the request for punitives, the amount in controversy exceeds the jurisdictional amount necessary for federal court jurisdiction. Plaintiffs filed the present motion on the basis that their claims do not surpass the $75,000 threshold for removal. Moreover, each Plaintiff executed and attached an affidavit averring, "I will not seek nor accept any recovery in excess of $75,000 for damages of any kind."

*Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest

and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L. Ed. 1214 (1941).

Specifically, in cases such as this one, where the plaintiff concedes that the action is between citizens of different States but asserts that diversity jurisdiction does not exist due to the amount in controversy being less than $75,000, the plaintiff's claim for damages - as set forth in the complaint - normally remains presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L. Ed. 2d 890 (1961) (holding that amount in controversy is determined from complaint itself, unless it appears that "the amount stated in the complaint is not claimed in good faith."); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L. Ed. 845 (1938); St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar, 47 F.3d at 1412.

As a result, unless the removing defendant can meet its burden, a plaintiff may normally avoid federal diversity jurisdiction by pleading, in good faith, state court damages below the minimum federal jurisdictional amount. See St. Paul Mercury, 303 U.S. at 294 (holding that plaintiff who does not "desire to try his case in federal court ... may resort to the expedient of suing for less

than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) ("[I]f a plaintiff pleads damages less than the jurisdictional amount, he generally can bar a defendant from removal.").

If the removing defendant is able to establish that the amount in controversy exceeds $75,000, removal of the cause is deemed proper unless the plaintiff shows that, as a matter of law, it is certain that he will not be able to recover more than $75,000. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. In other words, once the removing defendant has established by a preponderance of the evidence that the federal jurisdictional minimum has been met, it must appear to a "legal certainty" that the plaintiff's claim is for less than the jurisdictional amount; otherwise, the federal jurisdictional amount is deemed to have been met. De Aguilar, 47 F.3d at 1412.

*Discussion and Analysis*

Plaintiffs claim actual and punitive damages in an amount to be determined by a jury in their Amended Complaint. In the Motion to Remand and attached affidavits, however, the Plaintiffs specifically and unequivocally stipulate that they "will not seek nor accept any recovery in excess of $75,000 for damage of any kind." While it is true that "the jurisdictional facts that support removal must be judged at the time of the removal, . . . post-removal affidavits may be considered in determining the amount in controversy at the time of removal . . . if the basis for jurisdiction is ambiguous at the time of removal." Gebbia v. Wal-Mart Stores, 233 F.3d 880, 883 (5th Cir. 2000).

Defendant argues that Plaintiffs' request for punitive damages would put the amount in controversy over $75,000. Since the damages clause in the Plaintiffs' Amended Complaint is ambiguous, the Court can take into account the Plaintiffs' affidavits attached to the Motion to Remand. The affidavits specifically bind them to less than $75,000. See De Aguilar, 47 F.3d at 1412 (Plaintiffs "who want to prevent removal must file a binding stipulation or affidavit with their

complaints."). Plaintiffs have each specifically affirmed that they will not accept recovery in excess of $75,000 "*for damage of any kind*." Accordingly, Plaintiffs have limited the amount of their recovery for actual and punitive damages to $75,000.

Defendant next argues that based on the affidavits, Carmelita Akinyemi could potentially recover in excess of $75,000. The Court assumes Defendant's argument revolves around Akinyemi's position as another plaintiff's, Nalini Akinyemi, natural mother. There is no dispute that all three plaintiffs were involved in the events at issue. Thus, the damages would be personal to each plaintiff. Accordingly, Defendant's argument fails.

*Costs, Expenses, and Attorneys' Fees for Costs of Removal*

Plaintiff claims entitlement to costs, expenses, and attorneys' fees as a result of the removal of this case to federal court. Section 1447(c) allows a court to award "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Fifth Circuit has held that courts have discretion under this statute to determine when costs and expenses should be awarded. See Avitts v. Amoco Prod. Co., 111 F.3d 30, 32 (5th Cir. 1997); Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993). If the Court finds that there was no basis for removal or that the case was removed simply to harass the plaintiff, this Court can exercise its discretion to award attorneys' fees. Barker v. John Deere Ins. Co., 932 F. Supp. 785, 788 (S.D. Miss. 1996). Courts have denied requests for attorney's fees if there was an arguable basis for removal and the defendant removed the action in good faith. Id. Stated differently, it is clear that an award of attorney's fees should be limited to cases where removal was obviously improper.

Here, the Court cannot say that removal was obviously improper. Plaintiffs made a claim for punitive damages in their Amended Complaint which normally would satisfy the jurisdictional threshold. See Allen v. R&H Oil & Gar Co., 63 F.3d 1326, 1336 (5th Cir. 1995). Thus, Defendant

was reasonable in assuming damages over the $75,000 jurisdictional limit was possible, and costs, expenses, and attorneys' fees against them would not be proper.

*Conclusion*

This Court has no jurisdiction in a diversity case where the amount in controversy does not exceed $75,000, exclusive of interest and costs. Plaintiffs have limited their ability to collect more than $75,000 for damages of any kind. Thus, the Court does not have jurisdiction and the case must be remanded. Accordingly, the Plaintiffs' Motion to Remand is granted, and this case is remanded back to the County Court of Lee County.

SO ORDERED, this the 8th day of September, 2010.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**